(C. D. 338)

ERNEST E. MARKS Co. *v.* UNITED STATES

## United States Customs Court, First Division

(Decided May 17, 1940)

*J. Milton Guy* for the plaintiff.

*Webster J. Oliver*, Assistant Attorney General (*Samuel D. Spector*, special attorney), for the defendant.

### Before BROWN and KEEFE, Judges

BROWN, Judge: This suit against the United States was brought at Chicago to recover customs duties claimed to have been illegally exacted on certain fish balls imported from Norway.

The collector of customs took 25 per centum ad valorem under paragraph 718 (b) of the Tariff Act of 1930.

Said paragraph reads as follows:

PAR. 718. (a) Fish, prepared or preserved in any manner, when packed in oil or in oil and other substances, 30 per centum ad valorem.

(b) Fish, prepared or preserved in any manner, when packed in air-tight containers weighing with their contents not more than fifteen pounds each (except fish packed in oil or in oil and other substances): Salmon, 25 per centum ad valorem; other fish, 25 per centum ad valorem.

At the trial before Judge Keefe in Chicago the following agreed statement of facts was orally stipulated between counsel:

It is stipulated that the commodity in question here is fish, prepared or preserved, packed in air-tight containers weighing with their contents not more than 15 pounds each, and is not fish packed in oil or in oil and other substances. The commodity is not herring, smoked or kippered or in tomato sauce, packed in immediate containers weighing with their contents more than one pound each. (Rec. p. 2)

The plaintiff claims the merchandise is properly dutiable at 15 per centum ad valorem under the portion of Schedule IV of the Reciprocal Trade Agreement between the United States and the United Kingdom of Great Britain and Ireland generalized under the favored-nation principle to Norway effective January 1, 1939, reading as follows:

| Tariff Act of 1930; paragraph | Description of article | Rate of duty |
|---|---|---|
| 718 (b)_____ | Fish, prepared or preserved in any manner, when packed in air-tight containers weighing with their contents not more than fifteen pounds each (except fish packed in oil or in oil and other substances): Herring, smoked or kippered or in tomato sauce, packed in immediate containers weighing with their contents more than one pound each. | 15% ad val. |

The importer relies upon the literal language of the new Presidential paragraph which certainly covers by its express terms the fish, other than herring, before us for classification, at the only rate of duty named therein, 15 per centum ad valorem.

when packed in air-tight containers weighing with their contents not more than fifteen pounds each.

It is true that it also expressly covers—

Herring, smoked or kippered or in tomato sauce, packed in immediate containers weighing with their contents more than one pound each.

The latter provision is of wider scope so far as packing, etc., is concerned and also covers herring contained in heavier containers.

It is true these two portions of the new Presidential paragraph are separated by a colon.

Basing its argument upon the presence of that colon the Government contends that we should, in effect, reconstruct the Presidential paragraph (1) by treating the language before the colon as a mere general heading or statement taken word for word from the language of the 1930 act, from which general description it is claimed it was intended to lower the duty only on the herring named in the latter part after the colon, from 25 to 15 per centum.

That, however, requires too much of a reconstruction of the language of the Presidential paragraph by us in order to arrive at any such Presidential purpose. We would have to reinsert the words "25 per centum" just before the colon or else treat all the language before the colon as mere surplusage accomplishing nothing, when evidently the omission of "25 per centum" and the use of the language itself before the colon must have been done advisedly.

In such circumstances the presence of a colon between the two portions can have little significance. Mere punctuation marks generally count for little in such statutory construction.

It doubtless was natural for the draftsman to insert a colon after the general clause covering all preserved fish packed in a particular way, from the latter clause covering preserved herring in these and also in heavier containers.

It seemed to require something more than a comma or semicolon would imply. Had he substituted a "period" he would have had to repeat the "15 per centum" just before the period.

Nor can we consider statements of the negotiators acting for the President in order to arrive at the intent of language not ambiguous on its face, any more than we could consider the statements of a Senator in debate or the statements of a witness testifying before a congressional committee.

For the above reasons the protest is sustained on the claim for classification at only 15 per centum ad valorem.

Judgment will, therefore, issue directing the defendant to refund to the plaintiff two-fifths of the duty paid.